of his administration, including counsel fees. Judge Kershaw decided that the money was applicable to expenses of the administration and to such counsel fee as should be allowed by the Probate Court, and discharged the rule. The Probate judge made report of a proper counsel fee, and added that the estate of B. had not been finally settled, and that there were other costs and expenses of administration unpaid. On hearing this report, which was entitled *D.* v. *A., as administrator of B.,* Judge Fraser, not knowing of Judge Kershaw's order, directed the counsel fee to be paid and the balance paid to D. *Held,* that Judge Fraser's order was in part inconsistent with Judge Kershaw's, and, therefore, to that extent, erroneous, one Circuit judge having no power to reverse a judgment of another Circuit judge. *Held, further,* that Judge Kershaw's order was right: money received by a sheriff on an execution in favor of an administrator, not being applicable to an execution in the office upon a judgment obtained against the administrator after the death of intestate, especially where prior claims against the estate remain unpaid. This case, therefore, differs from *Haynsworth* v. *Frierson,* 11 *Rich.* 476. Appeal sustained. OPINION by MR. JUSTICE MCIVER, October 7th, 1882. *G. G. Wells, T. H. Cooke,* for appellant. *W. E. Earle,* contra.

No. 1278. **Cleveland** *v.* **Cohrs.** April Term, 1882. This was an appeal from a decree of foreclosure and sale passed by Judge Kershaw. The case has twice before been heard on appeal in this court, and will be found reported in 10 *S. C.* 224 and 13 *Id.* 397. The following points were here decided:

1. A finding by the Circuit judge, from written testimony reported to him, that a bond had not been paid, sustained.

2. Where a mortgagee purchases the mortgaged property at a foreclosure sale, for less than the amount due, the mortgage debt is not thereby extinguished; and the mortgagee is the purchaser where she receives titles from the master under a transfer of the highest bidder's bid.

3. The judgment under which such sale was made having been set aside by this court, on the motion of the mortgagor, he cannot now claim any benefit from a sale made under such annulled judgment. The effect of such reversal upon a stranger

purchaser not considered. Judgment affirmed. Opinion by Mr. Justice McIver, October 7th, 1882. *McCrady & Sons*, for appellant. *Campbell & Whaley*, contra.

No. 1279. **Christopher** *v.* **Christopher.** April Term, 1882. This was an action by plaintiff, a freedwoman, against defendant, a freedman, for support and maintenance, the plaintiff alleging that defendant had deserted her. , The answer denied the marriage. The cause was heard before Kershaw, J., who referred the issues to a jury, and upon their finding favorable to the plaintiff, gave judgment for the payment of a certain sum of money, annually, by defendant to plaintiff. Defendant appealed. *Held*—

1. In charging the jury that if defendant was not married to plaintiff, or any other woman of color, under the terms of the act of 1865 (13 *Stat.* 290), and was living with plaintiff as husband and wife on March 12th, 1872, and in any way they so recognized each other, that this would make them man and wife under the terms of .the act that day approved, the Circuit judge correctly stated the terms and operation of the act of 1872 (15 *Stat.* 183).

2. A finding of fact by jury and judge sustained.

3. A wife may file a complaint against her husband for support and maintenance, as a distinct, substantive relief.

4. The form of the verdict was of no consequence, as the judgment was rendered by the court; and where answer is put in, the judgment is not necessarily limited by the prayer for relief, but the court may grant " any relief consistent with the case made by the complaint and embraced within the issue." *Code,* § 299 ; *Pom. Rem.,* § 580. Judgment affirmed. Opinion by Mr. Justice McIver, October 7th, 1882. *W. M. Thomas*, for appellant. *Wright & Polite,* contra.

No. 1287. **Miller** *v.* **Edwards.** April Term, 1882. This case involved the same points as those decided in *Miller* v. *Hall, ante* 141, and they were similarly decided, the Chief Justice dissenting. The two cases were heard together by referees, Circuit judge and this court. The following points were also decided here :